**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Boblitz,<br><br>           Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>           Respondents. | No. CV-21-02072-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus ("Amended Petition") (Doc. 7), Motion for Summary Judgment (Doc. 19), and Motion to Strike Respondents' Response to Doc. 17 (Doc. 21). The Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. 22) recommending that the Amended Petition (Doc. 7) and Motion to Strike Respondents' Response to Doc. 17 (Doc. 21) be denied, the Motion for Summary Judgment (Doc. 19) be stricken from the docket, the case be dismissed with prejudice, and a certificate of appealability be denied. Petitioner filed his objections to the R&R (Doc. 23) to which Respondents filed a reply (Doc. 24). Petitioner filed a reply to Respondents' reply (Doc. 25) and Respondents filed a motion to strike Petitioner's reply (Doc. 26). After the Magistrate Judge issued the R&R, Petitioner filed a Motion to Amend his Amended Petition (Doc. 27) and a Motion to Set Deliberation on his Motion for Summary Judgment (Doc. 30) which are also pending.

**I.     LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Accordingly, the Court will review the portions of the R&R de novo to which there is a specific objection.

## II.  FACTUAL BACKGROUND

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings, at pages 1–4. (Doc. 22 at 1–4). Neither party has objected to this portion of the R&R and the Court hereby accepts and adopts it.

## III.  DISCUSSION

Petitioner sets forth three claims in the Amended Petition. (Doc. 7.) The R&R recommends that this Court deny relief on all claims due to the untimeliness of the Amended Petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the unavailability of equitable tolling. (Doc. 22 at 4–6.) Petitioner objected to the R&R's recommended finding that he has not demonstrated equitable tolling. (Doc. 23 at 1.) Respondents replied to that objection. (Doc. 24).

As discussed above, this Court need only review the portions of the R&R to which there is an objection. Therefore, the Court adopts the R&R's recommendation on Petitioner's Motion for Summary Judgment (Doc. 19) and Motion to Strike Respondents'

Response to Doc. 17 (Doc. 21), and any requested relief is denied as to those motions.

### A. Respondents' Motion to Strike Petitioner's Reply

After Respondents filed their reply to Petitioner's objections to the R&R, Petitioner filed a sur-reply to Respondents' reply, asserting that Respondents' calculation of the applicable tolling period is incorrect. Respondents filed a Motion to Strike Petitioner's sur-reply, arguing that it is procedurally improper. (Doc. 26 at 1.) The Court agrees with Respondents that neither the Federal Rules of Civil Procedure nor this Court's local rules authorize Petitioner to file a sur-reply to Respondents' reply to Petitioner's objections absent authorization from the Court. There is no indication that the Magistrate Judge gave Petitioner leave to file a sur-reply, so the Court grants Respondents' Motion to Strike Petitioner's sur-reply (Doc. 25). The Court will not consider Petitioner's sur-reply in its determination on the R&R.

### B. Equitable Tolling

The R&R discusses the law governing the AEDPA statute of limitations and equitable tolling. Neither party objected to this statement of the law, and the Court accepts it. As recounted in the R&R, AEDPA "provides that a one-year statute of limitations period shall apply" to petitions for a writ of habeas corpus by persons in state custody that "runs from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (Doc. 22 at 4) (citing 18 U.S.C. § 2254(d)(1) and *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002)). The AEPDA statute of limitations period is tolled during the time that a "'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending,'" (*id.* at 4) (quoting 28 U.S.C. § 2244(d)(2)), but "a state proceeding initiated after the expiration of the statute of limitations does not reset the one-year clock," (*id.* at 5) (citing *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)). Arizona Rule of Criminal Procedure 33.4(b)(3)(A) requires that a defendant file a notice of post-conviction review within 90 days of judgment and sentencing. (Doc. 22 at 4.) Finally, the R&R addresses the standard for equitable tolling:

> The statute of limitations may however be equitably tolled if "(1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist." *United States v. Aquirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The burden of establishing entitlement to equitable tolling is on Petitioner. *Pace*, 544 U.S. at 418. Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the petitioner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010) (emphasis in original) (internal quotes and citation omitted).

(Doc. 22 at 5.)

Petitioner objects to the R&R's finding that he is not entitled to equitable tolling as "not a true statement" and lays out his own calculations for the applicable tolling periods. (Doc. 23 at 1.) According to Petitioner, he filed his Notice of Post-Conviction Review ("PCR notice") in Arizona Superior Court on September 1, 2020 which should have tolled the statute of limitations while his PCR petition was pending. (Doc. 23 at 2.) Petitioner fails to explain, however, how his PCR notice was timely filed within the applicable 90-day period to file under Arizona Rule of Criminal Procedure 33.4(b)(3)(A). The Arizona Superior Court sentenced Petitioner on June 4, 2019, so his deadline to file his PCR notice fell on September 2, 2019, nearly a year before he filed it. The R&R correctly notes that "[b]ecause Petitioner did not initiate [PCR] proceedings" by September 2, 2019, "his conviction and sentence became final" on that date, "and the one-year deadline for filing a federal habeas petitioner began the next day." (Doc. 22 at 4.) Petitioner filed his original habeas petition on December 7, 2021, over a year and three months after the expiration of the AEDPA statute of limitations on September 3, 2020.

Petitioner argues, without explanation, that there is "newly discovered material" for this Court to consider. (*Id.* at 2.) Petitioner's objections, however, do not address the legal standard for equitable tolling or satisfy his burden to show that he has "diligently pursued his rights" and "extraordinary circumstances" beyond his control warrant a tolling of the

- 4 -

1    statute of limitations here. Thus, the objections do not change the R&R's conclusions that
2    Petitioner's Amended Petition is barred by the AEDPA statute of limitations and equitable
3    tolling does not apply. Accordingly, relief will be denied.

### C.   Petitioner's Other Pending Motions

After the Magistrate Judge issued her R&R, Petitioner filed a Motion to Amend his Amended Petition (Doc. 27) and a Motion to Set Deliberation on his Motion for Summary Judgment (Doc. 30). Because the Court is adopting the R&R's recommendations to deny the Amended Petition on untimeliness grounds, which the Petitioner cannot remedy with an amendment to the petition, and strike Petitioner's Motion for Summary Judgment from the docket as procedurally improper, the Court denies both of Plaintiff's motions as moot.

///

///

///

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. the Report and Recommendation (Doc. 22) is accepted and the objections (Doc. 23) are overruled;

2. Respondent's Motion to Strike Petitioner's Reply (Doc. 26) is granted and Petitioner's Reply to Respondents' Reply to Petitioner's Objections to the R&R (Doc. 25) is stricken from the docket;

3. Petitioner's Motion for Summary Judgment (Doc. 19) is stricken from the docket;

4. Petitioner's Motion to Strike Respondents' Response to Doc. 17 (Doc. 21), Motion to Amend his Amended Petition (Doc. 27), and Motion to Set Deliberation on his Motion for Summary Judgment (Doc. 30) are denied as moot;

5. Petitioner's Amended Petition (Doc. 7) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly; and

6. pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 1st day of December, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge